SCOTISH UNION & NATIONAL INS. CO. *v.* BAILEY.

[75 South. 593, Division B.]

INSURANCE. *Fire insurance. Mortgage clause. Waiver.*

The mortgage clause in a fire insurance policy, providing that the policy should be void if the property insured became incumbered by mortgage, was not waived where the grantee in a deed of trust covering the personalty insured, went to the agent of the insurer of the property to get an indorsement on the policy agreeing that the giving of the deed of trust should not render the policy void, and the agent refused to make the indorsement, but said that anything the grantee and grantor did would be all right.

APPEAL from the circuit court of Choctow county.
HON. H. H. RODGERS, Judge.

Suit by D. E. Bailey against the Scottish Union & National Insurance Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*McLaurin & Armistead,* for appellant.

We respectfully insist from this record that no waiver was proven, that as far as the language sworn to by Sides is concerned, alleged to have been used by Prewitt, it has no reference in the world to the policy. Prewitt may have told Sides that he had nothing to do with what Sides and Bailey did, that whatever they did between themselves did not concern Prewitt, but Prewitt, the court will remember, had just declined to put a mortgage clause on the policy at the request of Sides, and had advised Sides that to do so would make the policy void, and then to say that Prewitt, in the next breath, waived the provisions by telling Sides that what he (Sides) and Bailey did would be all right with Prewitt; i. e., that Prewitt had no concern about it, waived the provisions of the policy which Prewitt was insisting on,

is astonishing to think about.   Coupled with this is
the fact that Bailey don't claim that Sides ever told
him what conversation he had with Prewitt and there-
fore the effort to claim that Sides went to see Prewitt
as the agent of Bailey must fail, for the reasons (1)
that Bailey didn't instruct Sides to do it; and (2) that
Sides never told Bailey what conversation he had with
Prewitt, as claimed by Sides; and (3) Sides' testimony
in the record that his conversation with Prewitt was
for the protection of his own interests and not that of
effecting a waiver for Bailey; we insist that there was
no waiver shown here and the objection to the testimony
of Sides was well taken, and especially did the peremp-
tory instruction requested reach every contention made
by counsel for appellee. As stated in our original brief,
where a peremptory instruction is requested, it brings
into review the entire case, and counsel cannot succeed
by making contentions on what was argued in the lower
court.

We insist that this case ought to be reversed and judg-
ment entered in the supreme court for the appellant.

*J. L. Seawright,* for appellee.

Surely, in view of all the facts the Insurance Company,
by the acts and words of its agent, waived the pro-
visions of the policy with reference to the chattel mort-
gage and is estopped to set it up as a defense. Not only
the declaration by Prewitt to Sides, ''anything you and
Bailey do will be alright,'' but the total absence of any
attempt to cancel the policy or take it up after the
information through Sides that he was going to take
the deed of trust, and requesting a mortgage clause,
coupled with the issuance of the removal permit two
days after the information was imparted and the re-
quest made, the execution of the deed of trust taking
place on the day in between the two visits made by
Sides to Prewitt, is conclusive to our minds that

Prewitt meant what he said; that anything Sides and Bailey did was all right, and that both took him at his word and acted upon it. That Prewitt had the authority, by parole, to waive the provisions of the policy, if this was a waiver, cannot be successfully questioned. This would be true even if the policy expressly provides that a waiver should be in writing and endorsed on the policy. *Phoenix Ins. Co.* v. *Bowdre et al.,* 7 So. 596. That this was a waiver, is equally true. Flanders on Fire Insurance states the rule thus: ''Where, however, the underwriter has notice of the additional insurance, and although not formally giving his consent thereto, yet by his acts such as collecting assessments, treats the policy as in full force, it will be a waiver of the right to resist a recovery on that ground.'' That authority was speaking with reference to a provision in the policy rendering the policy void upon the assured taking out additional insurance, but the same rule would certainly apply to a case like the one now before the court, and the supreme court in this state, in the case of *Liverpool & London & Globe Ins. Co.* v. *Sheffy,* 16 So. 307, gave its sanction and approval to that authority, the court in the Sheffy case, also quotes as follows from Wood on Fire Insurance, volume 2, page 802: ''It has formally been held that not only notice of other insurance, prior or subsequent, must be given, but also that it must be endorsed upon the policy when so provided therein. But the tendency of the courts lately is towards a more liberal construction in favor of the assured, and there is now no question but that oral notice, and an oral assent, or acts amounting to an assent, without an endorsement upon the policy, is sufficient.'' As to whether or not Prewitt, in his conversation with Sides, used the Words, ''anything you and Bailey agree upon will be all right,'' and the removal permit, issued two days later, are questions of fact which the jury passed upon and we respectfully submit that their finding should not be disturbed.

Cook, P. J., delivered the opinion of the court.

This suit was begun in the circuit court of Choctaw county to recover the value of household and kitchen furniture destroyed by fire. Appellant had insured the property against loss by fire. Appellant pleaded a violation of the mortgage clause in the policy, which provided that:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void if . . . the subject of the insurance be personal property and be or become incumbered by mortgage."

This clause of the policy was pleaded in bar of the recovery. Appellee, plaintiff below, replied that he informed the agent of the company that he intended to give a deed of trust on the property to one Sides, and the agent waived the provision of the policy and agreed that plaintiff might execute the deed of trust.

At the trial plaintiff admitted that the agent had not agreed that he might execute the deed of trust, but he proved by Sides that he (Sides) went to see the agent about the matter, but the agent refused to put the mortgage clause on the policy. Mr. Sides' testimony at the trial may be summed up by the following extract from the record:

"Q. You did get it in your mind to go to Mr. Prewitt for the purpose of getting a mortgage clause? A. Yes, sir. Q. Then you are thoroughly acquainted with the legal effect of a mortgage clause? A. I doubt as I am. I thought that was a protection. Q. Don't you know if Mr. Prewitt would consent to put a mortgage clause on this policy he would consent thereby to insure your interest in the property if it should burn? A. Yes, sir. Q. And that was your purpose in getting it? A. Yes, sir. Q. And that was the only purpose you wanted it for? A. Yes, sir. Q. Mr. Prewitt declined to do that? A. Yes, sir. Q. You say he told you whatever you and Bailey agreed on was all right? A. Yes, sir. Q. You

had already taken the deed of trust before you ever went to Mr. Prewitt about it? A. Yes, sir.''

It will be seen that Mr. Sides went to the agent to insure his interest in the property, and the agent refused to do so. It is claimed that, when the agent said that ''anything you and Bailey do will be all right,'' that meant a waiver of the mortgage clause.

Mr. Sides went to the agent to get an indorsement on the policy agreeing that the giving of the deed of trust would not render the policy void. The agent refused to make the indorsement, and Mr. Sides did not get what he wanted. But it is contended that the agent said that anything Sides and Bailey did would be all right, and this was a waiver of this provision of the policy. In other words, the agent refused to waive the provisions of the policy, by refusing to do the very thing necessary to constitute a waiver. Sides was endeavoring to validate the deed of trust by an indorsement on the policy, and the agent refused to make the indorsement, thereby declining to validate the deed of trust and waive the provisions of the policy.

*Reversed and remanded.*